IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| **LUCIENNE JOHNSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3595-L** |
| | § | |
| **KAUFMAN COUNTY, TEXAS;** | § | |
| **STATE OF TEXAS; AND** | § | |
| **B. MICHAEL CHITTY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant B. Michael Chitty's Motion to Dismiss (Doc. 3), filed December 4, 2015, and Defendant Kaufman County's Motion for Summary Judgment (Doc. 15), filed April 6, 2016. Having considered the motions, responses, replies, pleadings, summary judgment evidence, and applicable law, the court **grants** Defendant B. Michael Chitty's Motion to Dismiss, and **grants** Kaufman County's Motion for Summary Judgment.

## I.    Factual Background and Procedural History

This case arises from the April 12, 2013 execution of a search warrant at the residence of Plaintiff Lucienne Johnson ("Johnson" or "Plaintiff") in Kaufman County, Texas. On November 6, 2015, Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against Kaufman County, Texas (the "County" or "Kaufman County"), the State of Texas, and 422nd District Judge B. Michael Chitty ("Judge Chitty"), alleging Defendants violated her rights under the Fourth and Fourteenth Amendments when they refused to return the property seized from her residence pursuant to the April 12, 2013 warrant. Plaintiff also brings a state-law claim for conversion.

**Memorandum Opinion and Order - Page 1**

In support of her Complaint, Plaintiff makes the following allegations.  Judge Chitty authorized a search warrant of her residence as part of the investigation into the murders of Assistant District Attorney Mark Hasse, as well as County District Attorney Mike McClelland and his wife. Compl. ¶¶ 8-9 (Doc. 1).  Kim Williams, Plaintiff's daughter, participated in the murders.  *Id.* ¶ 9. The Texas Rangers executed the warrant and seized approximately fifty (50) items from Plaintiff's residence, including computers, telephones, cameras, and several firearms.  *Id.* ¶¶ 9-10, 15 & Ex. 1 (Texas Ranger Field Evidence Log).  Defendants did not file for forfeiture of any of the seized property. Two months after the warrant was executed, Plaintiff made demand on Judge Chitty to return the seized property, which request was refused.  *Id.* ¶¶ 13, 24.  Judge Chitty has authority to order the return of the property, but refuses to do so.  *Id.* ¶¶ 18-19.

In further support of her claims that Defendants violated her Fourth and Fourteenth Amendment rights, she alleges that Defendants' refusal to return the property is "motivated by bias, bad faith, or improper motive because [her] daughter was involved in the murders being investigated."  *Id.* ¶ 26.  In addition, she alleges that Defendants' refusal to return her property is "evidence of an official policy that manifests deliberate indifference to the rights of citizens and constitutes a custom or usage with the force of law."  *Id.* ¶ 27.  Plaintiff seeks compensatory damages and injunctive relief.  She asks the court to order Defendants to return her property or, in the alternative, award her damages in the sum of $500,000 against Defendants, jointly and severally, as well as costs and attorney's fees.  *Id.* ¶¶ 31-32.

On December 4, 2015, the State of Texas and Judge Chitty filed their "Motion to Dismiss on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity."  *See* Doc. 3. On January 5, 2016, Plaintiff filed a one-sentence motion to dismiss the State of Texas.  *See* Pl.'s

Mot. to Dismiss State of Texas (Doc. 8).  On March 22, 2016, the court granted Plaintiff's motion

to dismiss the State of Texas and dismissed it without prejudice pursuant to Federal Rule of Civil

Procedure 41(a)(1).  *See* Order (Doc. 14).  In that same Order, the court took under advisement Judge

Chitty's motion to dismiss, but granted Judge Chitty's request for a stay of discovery against him

pending a determination of his claim to immunity.  *Id.*  On April 6, 2016, the County filed its motion

for summary judgment.  The court now addresses Judge Chitty's motion to dismiss and the County's

motion for summary judgment.

## II.     Applicable Legal Standards

### A.     Motion to Dismiss - Federal Rule of Civil Procedure 12(b)(6)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks,

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier,* 509 F.3d at 675; *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293

### B.    Motion for Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift*

*Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at 587.  (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  "Only disputes over

facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.   Analysis

### A.   Judge Chitty's Motion to Dismiss

#### 1.   *Judicial Immunity from Suit for Economic Damages*

In support of his motion to dismiss, Judge Chitty argues, *inter alia*, that he is entitled to absolute judicial immunity from this lawsuit because the actions complained of were taken in his judicial capacity. Since the court concludes that, at all times relevant to this action, Judge Chitty was acting in a judicial capacity, the court need not decide whether Plaintiff has adequately alleged that he violated any of her constitutional rights, or address any of the various other arguments raised by Judge Chitty in his motion to dismiss.

Absolute immunity protects judges from suits for damages based on their performace of judicial functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is complete immunity from suit and not merely protection from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11; *Boyd v. Biggers*, 31 F.3d 279, 285 (5th

Cir.1994).  Further, allegations of bad faith or malice do not overcome judicial immunity.  *Mireles*, 502 U.S. at 11.

A plaintiff may overcome the bar of absolute judicial immunity in two limited circumstances. First, a judge is not immune for actions that are not "judicial" in nature.  *Id.*  Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction.  *Id.* at 12; *see also Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993).  Acts by a judge are judicial in nature when they are "normally performed by a judge" and the affected party "dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Sparkman*, 453 U.S. at 362).  Where a judge has "some subject matter jurisdiction," sufficient jurisdiction exists for immunity purposes.  *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (Judges possess immunity for all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Plaintiff does not address or cite to these two circumstances under which a plaintiff can overcome judicial immunity.  Having considered the pleadings, and viewing all well-pleaded allegations as true, the court determines that Plaintiff's claims against Judge Chitty arise from judicial actions taken in prior court proceedings.  The allegations against Judge Chitty do not set out a clear absence of all jurisdiction; rather, Plaintiff alleges that Judge Chitty, as the magistrate, has jurisdiction over the property sought to be returned and seeks an order from this court directing him to perform a judicial duty that she alleges in within his jurisdiction.  *See* Compl. ¶¶ 27, 31.  The allegations in the Complaint support the conclusion that all Judge Chitty has done with respect to this action is carry out his judicial functions.  Ever were Judge Chitty's alleged acts done maliciously

or corruptly, he would be entitled to judicial immunity in this suit for economic damages.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly[.]").

In sum, the court determines that, as a matter of law, the acts of Judge Chitty which Plaintiff complains of in this action were judicial acts that were not undertaken in clear absence of jurisdiction.  Accordingly, insofar as Plaintiff is suing Judge Chitty for damages, the court will grant Judge Chitty's motion to dismiss based on judicial immunity.

### 2.  *Judicial Immunity from Claims for Prospective Injunctive Relief*

Absolute judicial immunity does not extend to protect state court judges from prospective injunctive relief under 42 U.S.C. § 1983.  *Pullman v. Allen*, 466 U.S. 522, 541-42 (1984); *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1219 (5th Cir. 1991).  Insofar as Plaintiff is seeking prospective injunctive relief with respect to the return of her property, the court concludes that her request is premature to the extent the appellate process has not been exhausted as to the convictions of Kim Williams or Eric Williams.  Accordingly, the court will grant Judge Chitty's motion to dismiss Plaintiff's request for prospective injunctive relief as premature, and will dismiss this claim without prejudice.[1]

---

[1] The court agrees with Judge Chitty that, as sued in his official capacity, he is entitled to Eleventh Amendment immunity insofar as the State of Texas is the "real, substantial party in interest."  *Pennhurst State Sch. and Hosp. v. Holderman*, 465 U.S. 89, 101 (1984).  *See also Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity.").  The Eleventh Amendment, however, does not bar a suit for prospective declaratory or injunctive relief against a state official, such as Judge Chitty, when it is alleged he "acted in violation of federal law."  *Warnock*, 88 F.3d at 343 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908) and *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)).  *See also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("*Young* also held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) ("[W]e often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law.") (internal quotation marks omitted).

**B.     The County's Motion for Summary Judgment**

The County moves for summary judgment on Plaintiff's claims, arguing, *inter alia*, that she

has failed to raise a genuine dispute of material fact that the County is liable under 42 U.S.C. § 1983

or for conversion of her property.  For the reasons that follow, the court agrees.

*1.     Plaintiff's § 1983 Claims Against Kaufman County*

A governmental entity can be sued and subjected to monetary damages and injunctive relief

under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a

federally protected right.  *Board of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403

(1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A governmental

entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious

liability.  *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).  Official policy is

defined as :

1.      A policy statement, ordinance, regulation, or decision that is officially
adopted and promulgated by the [county] lawmaking officers or by an official
to whom the lawmakers have delegated policy-making authority; or

2.      A persistent, widespread practice of [county] officials or employees which,
although not authorized by officially adopted and promulgated policy, is so
common and well-settled as to constitute a custom that fairly represents
[county] policy.  Actual or constructive knowledge of such custom must be
attributable to the governing body of the [county] or to an official to whom
that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City*

*of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam).  A plaintiff must identify the

policy, connect the policy to the governmental entity itself and show that his injury was incurred

because of the application of that specific policy.  *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th

Cir. 1984).  A plaintiff must establish that the governmental entity through its deliberate conduct was the "moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right.  *Bryan County v. Brown,* 520 U.S. at 404.

In opposing Kaufman County's motion for summary judgment, Plaintiff files a response citing generally to the standard for municipal liability under *Monell*, *supra*, as well as citing to cases from other circuit courts.  *See* Pl.'s Resp. 15-17 (Doc. 23).  Plaintiff, however, provides the court with *no evidence* in support of her response, a requirement for her to meet her burden of opposing a motion for summary judgment, nor does she designate specific facts showing there is a genuine dispute of material fact.  *See* Fed. R. Civ. P. 56(c).[2]

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Ragas*, 136 F.3d at 458; *see also Skotak*, 953 F.2d at 915-16 & n.7.  Notwithstanding this well-established principle of law, the court has carefully reviewed Plaintiff's response and considered the evidence before it, all of which was provided by Kaufman County.  The court has determined that there is not even a scintilla of evidence supporting the assertion that Defendant Kaufman County had an unconstitutional custom or policy of failing to return seized property or to give notice of the property's disposition.  Plaintiff's allegations in her Complaint are insufficient, without more, to raise a genuine dispute of material fact, even drawing all inferences in her favor as the nonmoving

---

[2] Although Plaintiff states in her response that she needs more discovery, she fails to file an affidavit or declaration under Federal Rule of Civil Procedure 56(d); nor does she explain why she has not sought discovery from the County during the time her case has been pending.  Thus, she has not satisfied the requirements of this rule and is not entitled to a continuance for additional discovery.

party.  When a party has filed a properly supported motion for summary judgment, the nonmovant may not rely on the allegations in an unverified pleading to defeat summary judgment.  *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991); *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").  As Plaintiff's Complaint is not verified, the court may not consider it in determining whether Plaintiff has raised a genuine dispute of material fact.  Absent any competent summary judgment evidence supporting Plaintiff's § 1983 allegations against Kaufman County, Plaintiff's § 1983 claim fails, and Kaufman County is entitled to judgment as a matter of law.

### 2.    *Plaintiff's State-Law Conversion Claim*

Defendant Kaufman County also moves for summary judgment on Plaintiff's state-law conversion claim, arguing that Plaintiff is unable to raise a genuine dispute of material fact that it wrongfully exercised dominion or controlled her property in a manner inconsistent with her rights.  *See* Def. Kaufman County's Summ. J. Br. 16.  Kaufman County also argues that: "Johnson here admits that the County did not issue the Warrant, admits that the Warrant was valid, and admits that the County did not conduct the search and seizure of the [property]."  *Id.*

Conversion is the "wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 210 n.44 (Tex. 2002) (citation omitted).  Once again, absent any evidence submitted by Plaintiff to support her opposition to Kaufman County's summary judgment, the court concludes that she has failed to raise a genuine dispute of material fact as to her conversion claim.  Her Complaint and her response brief are not competent summary judgment evidence.  *See Solo Serve*, *supra*; *Larry*, *supra*.

Further, as Kaufman County points out, Plaintiff's allegations, on their face, are inconsistent with a cause of action against it for conversion of property. Absent any evidence that Kaufman County exercised dominion and control over her property, Plaintiff's conversion claim fails, and Kaufman County is entitled to judgment as a matter of law.

## IV.    Conclusion

For the reasons herein stated, the court **grants** Defendant Kaufman County's Motion for Summary Judgment (Doc. 15). Plaintiff's claims against Kaufman County, Texas, are hereby **dismissed with prejudice**. With respect to Judge B. Michael Chitty, the court **grants** his Motion to Dismiss (Doc. 3). To the extent Plaintiff seeks monetary damages from Judge Chitty, he is entitled to judicial immunity and these claims are **dismissed with prejudice**. To the extent Plaintiff seeks prospective injunctive relief from Judge Chitty for alleged violations of federal law, these claims are **dismissed without prejudice** as premature.

On the current record before it, the court believes that Plaintiff's request that her property be returned is premature; however, the State may not maintain possession or control of a person's property indefinitely. Therefore, if the State does not return the property after all appeals are exhausted and no further governmental interest exists, Plaintiff may seek relief from the court, which hereby retains jurisdiction with respect to injunctive or equitable relief for the return of the property seized from her residence by Texas Rangers pursuant to the warrant executed on April 12, 2013. As required, a final judgment will issue by separate document pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this **14th day** of **March, 2017.**

_____
Sam A. Lindsay
United States District Judge